UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YAZAN MUSLEH, et al.,

      Plaintiffs,

v.                                                                                    Case No. 12-13843

STATE FARM FIRE AND CASUALTY
COMPANY,

      Defendant.

                                               /

## OPINION AND ORDER GRANTING
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiffs Yazan Musleh and Huda Musleh filed a breach of contract claim against

Defendant State Farm Fire and Casualty Company for failing to pay benefits pursuant to

a homeowners insurance policy.  Plaintiffs argue that Defendant prevented them from

complying with the insurance policy following their previous suit against Defendant,

which the court dismissed without prejudice in December 2010.  Defendant moves for

summary judgment arguing that Plaintiffs are time-barred from bringing this cause of

action.  The motion has been fully briefed, and no hearing is necessary.  *See* E.D. Mich.

LR 7.1(f)(2).  For the following reasons, the court will grant the motion.

## I.  BACKGROUND

Plaintiffs owned homeowners insurance on their property located at 3894 Miller,

Hamtramck, Michigan, through Defendant State Farm Fire and Casualty Company.

(Def.'s Mot. Summ. J. ¶¶ 1–2, Dkt. # 5.)  A fire damaged the home on March 21, 2008,

and Plaintiffs informed Defendant that same day of their intention to file a claim under

their insurance policy.  (*Id.* ¶¶ 3–4.)  Defendant commenced its investigation and sent

Plaintiffs a series of letters from March 2008 through January 2009 requesting a

plethora of financial documents Defendant claimed were necessary to complete its

investigation.  (Def.'s Mot. Summ. J. No. 10-11344 Exs. C-K, Dkt. # 13.)  Plaintiffs

complied to an extent, providing Defendant with some, but not all, of the documents.

*Musleh v. State Farm Fire & Casualty Co.*, No. 10-11344, at *2 (E.D. Mich. Dec. 13,

2010).  On May 7, 2009, Defendant formally denied Plaintiffs' claims asserting that

Plaintiffs intentionally caused the loss, committed fraud, and failed to substantially

comply with the policy conditions requiring Plaintiffs to provide Defendant with

requested documentation.  (Def.'s Mot. Summ. J. No. 10-11344 Ex. M, Dkt. # 13-1.)

Plaintiffs filed a breach of contract claim against Defendant in state court on

March 18, 2010.  (Pls.' Compl. No. 10-11344 at 1, Dkt. # 1-3.)  Defendant removed to

this court in April 2010 and filed for summary judgment.  After a hearing, the court

granted summary judgment and dismissed the case without prejudice on December 13,

2010.  *Musleh*, No. 10-11344, at *9.  The court found that, in failing to provide

Defendant with all of the requested documents, Plaintiffs had not substantially complied

with the policy's conditions but also held that the non-compliance was not wilful as

Plaintiffs did proffer Defendant with some documentation.  *Id.* at *7, *9.

As the court noted at the summary judgment motion hearing, there appeared to

be some confusion about what documents Defendant did and did not have from

Plaintiffs.  (Mot. Hr'g at 69, Dkt. # 1.)  The day after the court's dismissal Plaintiffs sent a

letter asking Defendant to inform Plaintiffs within ten days of "specifically what

documents, as of this date, State Farm claims to have not received or been provided

access to." (Pls.' Compl. Ex. D, Dkt. # 1.)   Defendant did not reply and instead moved this court to reconsider its order.  The court denied reconsideration on January 5, 2011, *Musleh v. State Farm Fire & Casualty Co.*, No. 10-11344, 2011 WL 34975 (E.D. Mich. Jan. 5, 2011), and Defendant appealed to the Sixth Circuit whether the court's dismissal should have been with prejudice.  The parties did not communicate again until after the Sixth Circuit affirmed the court's ruling on June 18, 2012.  *Musleh v. State Farm Fire & Casualty Co.*, No. 11-1097, 2012 WL 2217054 (6th Cir. June 18, 2012).

Plaintiffs sent Defendant a second letter on June 28, 2012, asking again for "a detailed list of those items[] that State Farm still needs to complete its investigation" and asserting that they "still stand ready to provide any documents that State Farm contends it has not yet received." (Pls.' Compl. Ex. F, Dkt. # 1.)  Defendant replied on July 2, 2012, stating that the documents that had yet to be provided were listed in Defendant's previous summary judgment motion and outlined in this court's order that granted summary judgment.  (*Id.* Ex. G.)  Plaintiffs responded on July 23, 2012, arguing that it remained unclear, at the time of the court's dismissal, which documents Defendant needed to complete its investigation and asked Defendant for a third time for a list of the outstanding documents.  (*Id.* Ex. H.)  Plaintiffs asserted that if Defendant "fail[ed] to supply [Plaintiffs] with that list in the next 14 days, [Plaintiffs] will conclude . . . that State Farm, as of that date, has waived the requirement and/or necessity that [Plaintiffs] supply it with any further documentation." (*Id.*)  Defendant responded on July 26, 2012, stating simply that its position on the issue was set forth in its July 2, 2012 letter and that it "consider[ed] this matter closed." (*Id.* Ex. I.)

Plaintiffs filed the present cause of action against Defendant on August 30, 2012, asking the court to: (1) find the insurance policy terms waived as of July 26, 2012; (2) declare that Plaintiffs' insurance claim was effectively denied on July 26, 2012; (3) order a statutory appraisal of the loss under Michigan Compiled Laws § 500.2833; (4) enter a damages judgment against Defendant in excess of $75,000; (5) and order Defendant to pay a penalty of 12 percent interest pursuant to the Uniform Trade Practices Act, Michigan Compiled Laws § 500.2006(4).  Defendant moved for summary judgment on all counts.

## II.  STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is proper when "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party must first show the absence of a genuine issue of material fact.  *Plant v. Morton Int'l, Inc.*, 212 F.3d 929, 934 (6th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  The burden then shifts to the non-moving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The non-moving party must put forth enough evidence to show that there exists a genuine issue to be decided at trial.  *Plant*, 212 F.3d at 934 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986)).  "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Anderson*, 477 U.S. at 249–50 (internal citations omitted).

4

Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Id.* at 251–52. When deciding summary judgment motions, "the court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003) (citing *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). The court does not weigh the evidence to determine the truth of the matter, but rather to determine if the evidence creates a genuine issue for trial. *Sagan*, 342 F.3d at 497 (quoting *Anderson*, 477 U.S. at 249).

### III.  DISCUSSION

Defendant moves for summary judgment on Plaintiffs' three claims: (1) breach of contract; (2) statutory appraisal under Michigan Compiled Laws § 500.2833; and (3) the Uniform Trade Practices Act, Michigan Compiled Laws § 500.2006. The court will grant summary judgment in favor of Defendant on each count.

### A.  Breach of Contract

When a case is brought under diversity of citizenship, as is the present one, the federal court must apply the law of the forum state. *Stalbosky v. Belew*, 205 F.3d 890, 893 (6th Cir. 2000) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). Under Michigan law, each fire insurance policy requires:

> [t]hat an action under the policy may be commenced only after compliance with the policy requirements. An action must be commenced within 1 year after the loss or within the time period specified in the policy, whichever is longer. The time for commencing an action is tolled from the time the insured notifies the insurer of the loss until the insurer formally denies liability.

Mich. Comp. Laws § 500.2833(1)(q). Plaintiffs informed Defendant of the fire damage on March 21, 2008, and began the tolling on the statute of limitations. An insurer

formally denies liability "when the insurer mails the notice of denial." *Saad v. Citizens Ins. Co. of Am.*, 227 Mich. App. 649, 652 (Mich. Ct. App. 1998).  On May 7, 2009, tolling stopped when Defendant mailed Plaintiffs a letter stating that Defendant "formally denies any and all liability" to Plaintiff under the insurance policy.  (Def.'s Mot. Summ. J. No. 10-11344 Ex. M, Dkt. # 13-1.)  Filing a complaint tolls the statute of limitations. Mich. Comp. Laws § 600.5856(a).  Plaintiffs filed suit in state court on March 18, 2010, and thereby triggered tolling with forty-nine days remaining before the one-year deadline.

After removal to this court, summary judgment was granted in favor of Defendant on December 13, 2010, dismissing Plaintiffs' claims without prejudice.  "A dismissal without prejudice is not an adjudication on the merits and, therefore, the tolling statute applies."  *Yeo v. State Farm Fire & Casualty Ins. Co.*, 618 N.W.2d 916, 916 (Mich. Ct. App. 2000) [hereinafter *Yeo II*].  Defendant moved for reconsideration which this court denied on January 5, 2011, and the tolling stopped on that date.

At issue is whether the period of limitations was again tolled following the court's denial of reconsideration.  *Yeo II* is particularly instructive as it considered nearly identical facts.  A plaintiff sued her insurance company to recover for theft loss under a homeowners insurance policy.  *Yeo v. State Farm Fire & Casualty Ins. Co.*, 555 N.W.2d. 893, 894 (Mich. Ct. App. 1996).  The trial court dismissed the case without prejudice because the plaintiff had failed to submit to an examination under oath.  *Id.* The defendant appealed the narrow issue of whether the dismissal should have been with prejudice.  *Id.*  During the appeal, which ultimately affirmed the trial court's ruling, the plaintiff submitted to the required examination, after which the defendant formally

denied the plaintiff's claim.  *Yeo II*, 618 N.W.2d. at 917.  The plaintiff waited almost two years after the formal denial to file a second cause of action against the defendant.  *Id.*

The *Yeo* court opined that "the failure to comply with [a condition precedent to filing an action] is not an absolute bar to recovery, but acts to suspend the right to recovery until the [condition is satisfied]."  *Yeo*, 555 N.W.2d. at 895.  The *Yeo II* court further held that the period of limitations was tolled from the time the plaintiff completed the examination until the defendant formally denied liability.  *Yeo II*, 618 N.W.2d. at 917; *see also Vertex*, No. 10-12637, at *14 (explaining that the statute of limitations in *Yeo II* "ran until the plaintiff submit[ted] to an [examination under oath], at which time it tolled and remained tolled until the insurer denied liability").  The court found the plaintiff's second cause of action time-barred because the statute of limitations expired after the defendant formally denied liability but before the plaintiff re-filed suit.  *Yeo II*, 618 N.W.2d at 917.

At least one court in this district reached a similar conclusion when considering an analogous situation.  In *Vertex International Management Services, L.L.C. v. State Farm Fire & Casualty Co.*, a plaintiff reported to its insurance company that a fire had damaged its property.  No. 10-12637, at *2 (E.D. Mich. June 29, 2011).  The plaintiff failed to provide the insurance company with all of the documents it requested to complete an investigation of the plaintiff's claim, causing the insurance company to formally deny the claim for failure to comply with the policy.  *Id.* at *3–4.  The court dismissed the plaintiff's lawsuit without prejudice for failing to substantially perform its duties under the insurance policy, though the plaintiff's non-compliance was not found to be wilful.  *Id.* at *16.  The court explained, "As in *Yeo II*, tolling will begin again when

[the plaintiff] submits the outstanding documents to [the defendant], and will continue until [the defendant] formally denies liability, if it decides to." *Id.* at *15 (citation omitted).

When this court denied reconsideration on January 5, 2011, Plaintiffs had forty-nine days remaining on the statute of limitations. Plaintiffs have not given Defendant any of the missing documents following that denial. It is therefore immaterial whether the statute of limitations was tolled during the pendency of Defendant's appeal to the Sixth Circuit. Even if the statute of limitations was tolled, Plaintiffs would have had to provide Defendant with the documents by August 6, 2012. Plaintiffs did not do so, instead waiting until August 30, 2012, to file suit.

Plaintiffs argue that they were effectively prevented from submitting the documents to Defendant. Plaintiffs assert that they were unaware which documents Defendant still needed because there was confusion at the time of the court's ruling in December 2010 regarding what documents Defendant had in its possession. Plaintiffs maintain that Defendant prevented them from providing the documents because it failed to answer Plaintiffs' multiple requests for a list specifying exactly which documents were necessary to complete the investigation.

Defendant seems to have been somewhat less than cordial in either ignoring Plaintiffs' requests or telling Plaintiffs that it was unnecessary to restate what documents were needed. But Plaintiffs are incorrect to claim that they had no knowledge of which documents remained missing. In case No. 10-11344, the affidavit of accountant Robert Walworth, attached as an exhibit to Defendant's summary judgment motion, included detailed lists enumerating which documents Defendant had received or still needed to obtain from Plaintiffs. (Aff. Robert J. Walworth No. 10-11344 at 88–98, Dkt. # 13-1.)

Plaintiffs rely on a statement made by the court during the summary judgment motion

hearing in case No. 10-11344 as evidence that the affidavit was not an accurate list

from which they could ascertain which documents remained outstanding.  After

comparing two exhibits, the court stated, "[I]t would appear to me that [Robert

Walworth's affidavit] is at least in part either wrong or out of date."  (Mot. Hr'g at 51, Dkt.

# 1.)  However, Plaintiffs' heavy reliance on this observation by the court is misplaced.

Later in the hearing counsel for Defendant clarified the apparent inconsistency to the

court, illustrating that the two exhibits were consistent and that Walworth's affidavit was

factually correct.  *Id.* at 69–70.

Regardless of how much confusion existed during the motion hearing, this court's

order that dismissed the original complaint provided Plaintiffs with clear guidance.  In

that order, the court explained:

> Defendant had requested, but not received . . . *complete* copies of Plaintiffs'
> Federal income tax returns for tax years 2005–07 (partial copies had been
> supplied), Plaintiffs' Michigan income tax returns for tax years 2005–07,
> Federal income tax returns for Yazan's Service Plaza for tax year 2007, and
> Michigan income tax returns for Yazan's Service Plaza for tax years
> 2005–07.  Although other documents were also requested, these few listed
> documents would appear to represent a *minimally necessary core* of
> information upon which Defendant could take the next step in its investigation
> of a possible motive to commit fraud.

*Musleh v. State Farm Fire & Casualty Co.*, No. 10-11344, at *6 (E.D. Mich. Dec. 13,

2010) (citation omitted) (second emphasis added).  Following the court's dismissal,

some confusion may have remained regarding the complete list of documents that

Defendant still needed for its investigation.  But Walworth's affidavit, and particularly this

court's order, provided Plaintiffs with ample notice regarding the identity of at least *some*

of those documents.  Plaintiffs failed to provide Defendant with any documents following the court's dismissal, and the statute of limitations expired, at the absolute latest, by August 6, 2012.  Plaintiffs' breach of contract claim is therefore time-barred, and summary judgment is warranted for Defendant.

### B.  Statutory Appraisal

Defendant argues that Plaintiffs should be denied a statutory appraisal of their loss under Michigan Compiled Laws § 500.2833 if Plaintiffs are found ineligible for coverage under the insurance policy.  "Where the parties cannot agree on coverage, a court is to determine coverage in a declaratory action before an appraisal of the damage to the property."  *Auto-Owners Ins. Co. v. Kwaiser*, 476 N.W.2d 467, 469–70 (Mich. Ct. App. 1991).  Defendant does not owe Plaintiffs any coverage because Plaintiffs' breach of contract claim is time-barred.  Therefore, Defendant is granted summary judgment on Plaintiffs' claim to a statutory appraisal.

### C.  Uniform Trade Practices Act

Plaintiffs argue that Defendant violated the Uniform Trade Practices Act by failing to pay benefits on a timely basis and must pay a penalty of twelve percent simple interest.  *See* Mich. Comp. Laws § 500.2006(4).  An insurer is only required to pay such a penalty "if the claimant is  . . . directly *entitled to benefits* under the insured's contract of insurance."  *Id.* (emphasis added).  Plaintiffs are not entitled to benefits under the insurance policy, and their claim under the Uniform Trade Practices Act is dismissed.

### IV.  CONCLUSION

10

Accordingly, IT IS ORDERED that Defendant's motion for summary judgment [Dkt. # 5] is GRANTED.


       s/Robert H. Cleland            
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated:  November 13, 2012


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 13, 2012, by electronic and/or ordinary mail.


       s/Lisa Wagner               
      Case Manager and Deputy Clerk
      (313) 234-5522