UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YAZAN MUSLEH and HUDA MUSLEH,

    Plaintiffs,

v.                                             Case No. 12-13843

STATE FARM FIRE AND
CASUALTY COMPANY,

    Defendant.
                                              /

**OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**

Plaintiffs Yazan Musleh and Huda Musleh move for reconsideration of the court's November 13, 2012 order granting summary judgment in favor of Defendant State Farm Fire and Casualty Company. The court ordered Defendant to respond to the motion, but a hearing is unnecessary. *See* E.D. Mich. LR 7.1(h)(2). For the following reasons, the court will deny Plaintiffs' motion for reconsideration.

**I. STANDARD**

A motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties . . . have been misled" and (2) "show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "A 'palpable defect' is a defect that is obvious, clear, unmistakable, manifest, or plain." *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004). A motion for reconsideration that presents "the same issues ruled upon by the court, either expressly or by reasonable implication," will not be granted.

E.D. Mich. LR 7.1(h)(3); *see also Czajkowski v. Tindall & Assocs., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997).

## II. DISCUSSION

On March 21, 2008, Plaintiffs' home suffered damage from a fire. Plaintiffs held an insurance policy with Defendant and informed Defendant of their intention to file a claim for benefits. Defendant began investigating the incident and requested a substantial number of documents from Plaintiffs. Plaintiffs provided Defendant with some, but not all, of the requested documents. Defendant denied Plaintiffs' claim for benefits, and Plaintiffs responded by filing suit against Defendant for breach of the insurance policy. On December 13, 2010, this court granted summary judgment in favor of Defendant after finding that Plaintiffs had failed to substantially comply with the insurance policy by not providing Defendant with all of the necessary documents. However, the court dismissed the case without prejudice because Plaintiffs' non-compliance was not wilful. Defendant moved for reconsideration, arguing that the case should have been dismissed with prejudice. On January 5, 2011, the court denied the motion. Defendant appealed, and on June 18, 2012, the Sixth Circuit affirmed this court's ruling.

After the court dismissed the case without prejudice, Plaintiffs unsuccessfully attempted to ascertain from Defendant exactly which documents Defendant still needed in order to complete its investigation. Plaintiffs concluded from Defendant's unresponsive answers that Defendant had waived its need for additional documentation and, on August 30, 2012, re-filed their breach of contract claim. Plaintiffs did not submit

any documents to Defendant from the time between December 2010, when the case was dismissed without prejudice, and August 2012, when Plaintiffs re-filed their lawsuit.

Defendant again moved for summary judgment, which the court granted on November 13, 2012. The court explained that when it denied Defendant's motion for reconsideration on January 5, 2011, forty-nine days remained on the one-year statute of limitations governing Plaintiffs' breach of contract claim. Even if the statute of limitations was tolled during the pendency of Defendant's appeal, Plaintiffs would have needed to provide Defendant with supplemental documents by August 6, 2012, to toll the limitations period. By not submitting any documents, the court found that the statute of limitations expired on Plaintiffs' claim.

Plaintiffs now move for reconsideration, arguing for the first time that Defendant, on November 3, 2010, received all of the documents necessary to complete its investigation. Plaintiffs support this claim by submitting a new affidavit from their accountant, Jakir Hussain, dated November 20, 2012, that claims Defendant picked up the requested documents at Hussain's office on November 3, 2010.[1] Plaintiffs aver that the statute of limitations was therefore tolled as of November 3, 2010, and that, because Defendant did not again deny Plaintiffs' claim for insurance benefits, the statute of limitations has not run since that date. Consequently, Plaintiffs contend that their breach of contract claim is not time-barred.

---

[1] Plaintiffs responded to Defendant's motion for summary judgment on October 15, 2012. Hussain alleges that he did not update his affidavit by that date because he "was unable to review [his] files in their entirety prior to October 16, 2012 due to [his] work schedule." (Dkt. # 12 at Pg 24.)

In order for Plaintiffs to succeed on their motion for reconsideration, Plaintiffs must demonstrate a palpable defect in the court granting Defendant summary judgment on November 13, 2012. The issue before the court in that motion was whether the statute of limitations was tolled following the court's January 5, 2011 denial of Defendant's motion for reconsideration. Plaintiffs' argument, however, does not identify a palpable defect in the court's ruling on that question of law. Instead, Plaintiffs claim that the court was mislead when it ruled, on December 13, 2010, that Plaintiffs had failed to substantially comply with the insurance policy.

The law-of-the-case doctrine mandates that "findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation." *Rouse v. DaimlerChrysler Corp. UAW*, 300 F.3d 711, 715 (6th Cir. 2002). "The doctrine also bars challenges to a decision made at a previous stage of the litigation which could have been challenged in a prior appeal, but were not." *Id.* The court's December 2010 order found that Plaintiffs did not provide Defendant with the necessary documents to complete its investigation. If Plaintiffs thought the court had been mislead in issuing that order, they should have challenged the ruling at that time by moving to reconsider or filing an appeal. But Plaintiffs did not do so. The court's finding that Plaintiffs had not, as of December 13, 2010, provided Defendant with the requested documents became the law of the case when the court issued its order on that date.

Plaintiffs waited until November 27, 2012—over two years after the fact—to allege for the first time that Defendant had all of the necessary documents as of November 3, 2010. This argument does identify a palpable defect in the court's November 2012 order that found that the statute of limitations on Plaintiffs' breach of

4

contract claim expired following the court's January 5, 2011 denial of Defendant's motion for reconsideration. Instead, Plaintiffs' motion attempts to relitigate an issue that the court already ruled upon in December 2010.

### III. CONCLUSION

Accordingly, IT IS ORDERED that Plaintiffs' motion for reconsideration [Dkt. # 12] is DENIED.

      s/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: April 24, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 24, 2013, by electronic and/or ordinary mail.

      s/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522